*Amin v. Tidal Growth Consultants*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty-six.

Present:
> MICHAEL H. PARK,
> WILLIAM J. NARDINI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

SHILEN AMIN,

*Plaintiff-Appellant*,

v.

24-3219

TIDAL GROWTH CONSULTANTS, DFW SOUTH ASIAN FILM FESTIVAL, DFW SAFF, JITIN HINGORANI, JINGO MEDIA, NYC SOUTH ASIAN FILM FESTIVAL, NYC SAFF, LI SOUTH ASIAN FILM FESTIVAL, LI SAFF,

*Defendants-Appellees.**

---

FOR PLAINTIFF-APPELLANT:  RONALD D. COLEMAN, Coleman Law Firm, PC, Newark, NJ.†

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

† Counsel for Appellees withdrew after this appeal was filed. Appellees have not submitted an opposition brief.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's January 7, 2025 judgment is **AFFIRMED**.

Plaintiff-Appellant Shilen Amin appeals from a judgment of the United States District Court for the Southern District of New York (Gardephe, *J.*) denying his motions for a preliminary injunction. Amin runs the "South Asian International Film Festival" and has trademarks for "South Asian International Film Festival," its acronym "SAIFF," "South Asian Film Festival," and its acronym "SAFF." Amin filed two motions for a preliminary injunction to enjoin Defendants' use of those marks in their film festivals, which are called, *inter alia*, the "Long Island South Asian Film Festival" and the "NYC South Asian Film Festival." The district court denied Amin's motions because Amin had not demonstrated a likelihood of success on his trademark infringement claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A party seeking a preliminary injunction must show that "(1) he will suffer irreparable harm; (2) he is likely to succeed on the merits; and (3) an injunction would serve the public interest." *City of New York by & through FDNY v. Henriquez*, 98 F.4th 402, 410 (2d Cir. 2024). We review a district court's decision on a preliminary injunction for abuse of discretion. *Id.* at 411.

To establish a likelihood of success on a trademark infringement claim, a plaintiff must show that (1) he "has a valid mark that is entitled to protection" and (2) "defendant's actions are likely to cause confusion with that mark." *Tiffany & Co. v. Costco Wholesale Corp.*, 971 F.3d 74, 84 (2d Cir. 2020) (cleaned up). "In order for a trademark to be protectable," under the first

infringement prong, "the mark must be 'distinctive' and not 'generic.'" *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 216 (2d Cir. 2012) (citation omitted). Some marks are "inherently distinctive" because their "intrinsic nature serves to identify a particular source." *Id.* (cleaned up). Marks that are not "inherently distinctive" are protectable only if they "acquire distinctiveness by developing secondary meaning in the public mind," *id.* (cleaned up), *i.e.*, if they are "primarily associated with a single producer," *Bristol-Myers Squibb Co. v. McNeil-P.P.C., Inc.*, 973 F.2d 1033, 1040 (2d Cir. 1992).

We discern no abuse of discretion by the district court in concluding that Amin was not likely to succeed on his infringement claims as to "South Asian Film Festival" and "SAFF" because those marks are not protectable. It explained that "South Asian Film Festival" and "SAFF" are "highly descriptive term[s]." App'x at 718, 721.[1] But there was "no evidence that [they] ha[d] acquired secondary meaning." *Id.* at 718. To the contrary, at least six other film festivals used the terms "South Asian Film Festival" and "SAFF" to "describe and identify their competing film festivals," and these festivals "were well promoted and were recognized by consumers." *Id.* (cleaned up); *see also id.* at 744. So the evidence suggested that "South Asian Film Festival" and "SAFF" were *not* "primarily associated with a single producer"—Amin—in the public mind, and the district court reasonably concluded that Amin was thus unlikely to succeed on his infringement claims as to those marks. *Bristol-Myers Squibb*, 973 F.2d at 1040.

The district court also concluded that Amin was unlikely to succeed on his infringement

---

[1] "South Asian Film Festival" is descriptive because it combines a geographically descriptive term—"South Asian"—with a generic term—"film festival," and "marks [that] combine in one fashion or another a geographic term with a generic term . . . [are] descriptive." *New York Stock Exch., Inc. v. New York, New York Hotel LLC*, 293 F.3d 550, 557 (2d Cir. 2002). "SAFF" is also descriptive because "[r]ecognizable abbreviations for inherently descriptive . . . marks are usually themselves inherently descriptive." *Henriquez*, 98 F.4th at 415 (internal quotation marks omitted).

claims as to the "South Asian International Film Festival" and "SAIFF" marks because "the Complaint [did] not allege facts demonstrating that Defendants have used" those marks. App'x at 710. Amin does not challenge that conclusion, so we also affirm the district court's judgment as to those marks.

For the foregoing reasons, we **AFFIRM** the district court's January 7, 2025 judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court